UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADEKUNLE LONGE

       Plaintiff,      COMPLAINT

  - against -

               ___CIV_____(___)
THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, JOHN CHELL    PLAINTIFF DEMANDS A TRIAL
               JURY

       Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff, ADEKUNLE LONGE, through undersigned counsel, sues Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT; and JOHN CHELL and alleges the following upon information and belief:

### NATURE OF THE ACTION

1. Adekunle Longe ("Officer Longe" or "Plaintiff") is a black male. This action is on behalf of Plaintiff for declaratory and injunctive relief and monetary damages to redress the injuries Officer Longe has suffered as a result of being discriminated against by Defendant(s) on the basis of race, color, and national origin under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, New York State Executive Law § 296 and the New York City Administrative Code §8-107. The Complaint states causes of action under federal, state, and city law for deprivations of civil rights.

### JURISDICTION AND VENUE

2. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343 on the ground that this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et* seq. Plaintiff invokes this Court's pendant jurisdiction with respect to his claims based on the common

1

law of New York, and New York Executive Law, Article 15. Plaintiff invokes this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3. The venue of this action is properly placed in the Southern District of New York pursuant to U.S.C. § 1391 because the plaintiff's claims arise within this district.

4. Plaintiff invokes the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. § 1367(a).

## CONDITION PRECEDENT

5. Plaintiff has performed all conditions precedent to the filing of this action, including the timely filing of a Complaint with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 520-2015-02304, received by the EEOC on May 1, 2015 and acknowledged thereby on or about June 3, 2015 and the filing of this action within 90 days of the Notice of Right to Sue, attached hereto as Exhibit A.

6. This action is timely filed within three years of the events described herein.

## PARTIES

7. Plaintiff is a resident of the State of New York and resides at 12 Govan Drive, Stony Point, New York 10980.

8. At all times material herein, defendant THE CITY OF NEW YORK ("CITY OF NEW YORK"), was and still is a duly incorporated municipality of the State of New York, County of New York, whose seat of governance was and still is located at 250 Broadway, New York, New York 10007, who employs more than 50 (fifty) employees an exists under the laws of the state of New York.

9. At all times material herein, the NEW YORK CITY POLICE DEPARTMENT ("NYPD") is the municipal police force for the CITY OF NEW YORK with their principal place of business

located at One Police Plaza, New York, New York 10007, employs more than 50 (fifty) employees an exists under the laws of the state of New York.

10. At all times material herein, JOHN CHELL, was a Captain with the NYPD who had supervisory responsibility over the Plaintiff.

## MATERIAL FACTS

11. At all times material herein, Plaintiff was a Patrol Officer with the New York City Police Department.

12. At all times material herein, Plaintiff was an African-American male.

13. At all times material herein, Plaintiff was a black male.

14. At all times material herein, Plaintiff spoke with a Nigerian accent and was regarded as being Nigerian by Defendants.

15. In or about January 2004, Plaintiff was hired by the Defendants City of New York and NYPD as a Patrol Officer.

16. Plaintiff has remained continuously employed with Defendants through the present.

17. In this position, Plaintiff performed his duties in a consistently exemplary manner that is reflected in the employer's assessments of his work performance.

18. Plaintiff has had one discourtesy in his file that he satisfied a penalty for in 2010 and had no further discourtesies through the events described herein.

19. In 2011, Plaintiff took the civil service examination, Examination Number 1533 000 for promotion to Sergeant and successfully passed the examination.

20. On or about May 17, 2012, Plaintiff received Notice of Result and was assigned list number 502.

21. Plaintiff's list number was called first in January 2013.

22. Approximately one month prior to his number being called, Plaintiff had been transferred from a precinct in Manhattan to a precinct in Brooklyn and he began to work under JOHN CHELL.

23. In accordance with the call of his list number, Plaintiff went to meet with the Board that oversees promotions in or about January 2013.

24. At such meeting, members of the Board informed Plaintiff that he should return in one year so that his current supervisors in the Brooklyn precinct could evaluate his performance.

25. Plaintiff returned the following year at which time he was informed that his supervisor, JOHN CHELL (hereinafter "CAPTAIN CHELL") did not feel Plaintiff was motivated enough and was told to return in six months.

26. "Lack of motivation" is a term without objective criteria and was a pretext for race, color, and national origin discrimination.

27. Following this meeting, Plaintiff sought to speak with CAPTAIN CHELL to inquire how he could improve CAPTAIN CHELL's opinion of him.

28. CAPTAIN CHELL is a white male.

29. Plaintiff inquired of CAPTAIN CHELL in or about February 2014 what he could do to demonstrate his motivation.

30. CAPTAIN CHELL told Plaintiff that he should be taking out the garbage.

31. It is not within the official duties of a Patrol Officer to perform janitorial functions.

32. No white officers seeking promotion to Sergeant were required to take out garbage before being promoted.

33. Following this meeting with CAPTAIN CHELL, Plaintiff was assigned to "cell attendant" duties by CAPTAIN CHELL.

34. "Cell attendant" duties are where Patrol Officers monitor detained persons at the precinct. In the course of such duties, a Patrol Officer so assigned cannot make arrests as they would if they were not assigned to cell attendant duties.

35. This assignment necessarily impacted Plaintiff's arrest numbers as his duties were restricted to inside the precinct.

36. Plaintiff returned six months later in July 2014 to meet with the Board a third time.

37. At such meeting, the Board members referenced that Plaintiff had low arrest numbers in the preceding six months.

38. The Board members further informed Plaintiff that he had twice been written up for being late to roll call. He had not been informed of these infractions when they purportedly occurred.

39. When Plaintiff looked over the times these infractions were reported, each such day was on a day he was approved to be off.

40. Plaintiff was also written up for returning to the precinct from as assignment and not immediately checking in at the front desk. He was with another officer who similarly did not check in immediately. The other officer, a white male, was not written up.

41. On July 24, 2014, Plaintiff received notice that he was not selected for the available vacancies.

42. After three meetings with the Board, an applicant is ineligible for promotion with the civil service class that he or she had passed.

43. Each year, Patrol Officers are reviewed and evaluated for performance and a composite score is issued on a scale of 0-5.

44. Plaintiff's scores most often ranged high, between a composite score of 4 to 4.5,

45. A composite score of 3.5 is to date the lowest evaluation composite that Plaintiff has received.

46. The 3.5 composite score occurred in Plaintiff's evaluation immediately prior to his final denial for promotion and covered the period of December 16, 2013 through July 27, 2014. The overall rater's comments with which the overall reviewer concurred were that "PO Longe is respectful and is well like by his peers. He has been motivated in performance of his duties in the past three months."

47. Upon information and belief, CAPTAIN CHELL, instructed the reviewers to lower the score of Plaintiff's evaluation.

48. The assigned reviewer and rater for this evaluation, supported Plaintiff's promotion but informed him that CAPTAIN CHELL had instructed the score to be lowered.

49. Upon information and belief, many of the applicants for Sergeant in Plaintiff's class and many officers currently holding the position of Sergeant have had discourtesies or greater infractions in their employment history.

50. The events detailed above caused Plaintiff to not receive a promotion for which he was qualified, to not receive the attendant responsibilities, income, and privileges associated with such promotion, and caused Plaintiff emotional distress and anguish and a reasonable fear that these events would reoccur in the future.

51. On or about May 1, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging discrimination under federal and state law alleging discrimination on the basis of race, color, and National Origin.

## COUNT 1
## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

52. Plaintiff repeats and re-alleges paragraph 1-50 fully as if said paragraphs were fully set forth herein at length.

53. The City of New York, the NYPD, among others, have discriminated against Plaintiff on the basis of his race, color, and national origin in violation of Title VII by denying him the same terms and conditions of employment available to employees who are not African-American and/or black and/or Nigerian, including but not limited to, subjecting him to disparate working conditions, denying him an opportunity to work in an employment setting free of unlawful discrimination, and in failing to promote him for Sergeant despite his qualifications and the availability of open positions.

54. Under the Civil Rights Act of 1964, § 701 et seq., 42 USCA § 2000 et seq., it shall be an unlawful employment practice for an employer:

   a. to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, creed, religion, sex, or national origin; or

   b. to limit, segregate, or classify his/her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

55. Defendants City of New York and NYPD impose for police officers seeking promotion to Sergeant, a civil service examination.

56. If a candidate is successful in such examination, they are assigned a list number for meeting with the Board in charge of promotions.

57. The Board then review's the candidate's record and evaluations.

58. Plaintiff successfully passed the civil service examination and was given a list number.

59. Plaintiff had consistently positive performance evaluations from his supervisors.

60. CAPTAIN CHELL's treatment of Plaintiff in instructing the Sergeants to lower his evaluation, asserting that Plaintiff was "not motivated enough" without further specification, and in telling Officer Longe he should be taking out the garbage resulted in Officer Longe being denied a promotion he was qualified for and the position remained open. Such vague terminology is a pretextual excuse. CAPTAIN CHELL's animus towards Plaintiff is motivated by race, color, and/or national origin. Similarly situated white officers were not exposed to the same treatment.

61. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his race in violation of The Civil Rights Act of 1964.

62. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his color in violation of The Civil Rights Act of 1964.

63. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his national origin in violation of The Civil Rights Act of 1964.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

64. Plaintiff repeats and re-alleges paragraphs 1-60 fully as if said paragraphs were fully set forth herein at length.

65. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his race, in violation of 42 U.S.C § 1981 *et seq*.

66. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his color, in violation of 42 U.S.C § 1981 *et seq.*

67. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his national origin, in violation of 42 U.S.C § 1981 *et seq.*

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXECUTIVE LAW §296

68. Plaintiff repeats and re-alleges Paragraphs 1-67 fully as if said paragraphs were fully set forth herein at length.

69. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his race, in violation of New York State Executive Law § 296 *et seq.*

70. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his color, in violation of New York State Executive Law § 296 *et seq.*

71. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his national origin, in violation of New York State Executive Law § 296 *et seq.*

## COUNT IV
## DISCRIMINATION IN VIOLATON OF THE NEW YORK CITY HUMAN RIGHTS LAW, N.Y.C. ADMIN CODE §8-107 et seq.

72. Plaintiff repeats and re-alleges paragraphs 1-71 fully as if said paragraphs were fully set forth herein at length.

73. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his race, in violation of New York City Administrative Code § 8-107 *et seq.*

74. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his color, in violation of New York City Administrative Code § 8-107 *et seq.*

75. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of his national origin, in violation of New York City Administrative Code § 8-107 *et seq.*

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:   July 18, 2016
         New York, New York

                                    Respectfully submitted,

                                    THE JACOB D. FUCHSBERG LAW FIRM

                              By:   *Allyson L. Stein*
                                    Allyson L. Stein, Esq.
                                    a.stein@fuchsberg.com
                                    Attorneys for Plaintiff
                                    Office and Post Office Address
                                    500 Fifth Avenue, 45th Floor
                                    New York, New York 10010
                                    (212) 869-3599